# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DENNIS PIERCE, INC.,** *et al.*                                               **PLAINTIFFS**

v.                                      **CIVIL ACTION NO. 2:16-CV-102-KS-MTP**

**LETITIA PIERCE,** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Plaintiffs' Motion for Summary Judgment [48]. The Court denies the motion as to Plaintiffs' request for a declaratory judgment that they own a valid trademark registration for the disputed logo. The Court grants the motion as to their request for a declaratory judgment that they have not infringed Defendant's trademark rights, and as to Defendant's counterclaim for copyright infringement.

## I. BACKGROUND

This is a copyright/trademark case. Plaintiffs Dennis Pierce, Inc. ("DPI") and Piercon, Inc. have used a particular logo for over two decades – a green block "P" with the shape of a house as the cutout in the "P." Defendant Letitia Pierce created the logo. Plaintiffs are construction companies in the Hattiesburg, Mississippi area, and Defendant's brother, Dennis Pierce, owns Plaintiffs.

Defendant was employed by Plaintiffs in the mid-nineties. She had a variety of duties, but she encouraged her brother to incorporate a logo into the business's branding. Defendant eventually left her employment with Plaintiffs. The parties

dispute when Defendant created the logo, and they dispute the degree of Dennis Pierce's participation in its creation. Regardless, Plaintiffs used the logo for over twenty years without any trouble. During this time period, the logo was also used in Dennis Pierce's real estate business, Pierce Realty, Inc.

In January 2015, Dennis Pierce transferred ownership of Pierce Realty to his brother, Darian Pierce. Darian Pierce continued to use the logo after the transfer of ownership. In July 2015, Plaintiffs filed an application with the United States Patent and Trademark Office ("USPTO") to trademark the logo. In April 2016, Plaintiffs received their USPTO registration of the logo and sent a cease-and-desist letter to Pierce Realty. When Defendant found out that Dennis Pierce had registered the logo with the USPTO, she sent her own cease-and-desist letter to Plaintiffs and demanded that they cancel the trademark registration. She later filed her own application for copyright registration with the United States Copyright Office.

Plaintiffs filed this declaratory judgment action. They seek a declaratory judgment that they are the rightful owners of the logo, that they are the rightful owners of a valid trademark registration, and that they did not infringe upon any trademark rights of Defendant. Defendant filed a counterclaim for copyright infringement. Plaintiffs filed a Motion for Summary Judgment [1], which is ripe for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

2

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

#### A.     *Validity of Trademark Registration*

First, the Court will address the parties' arguments concerning the validity of Plaintiffs' trademark registration. Plaintiffs seek a declaratory judgment that they are the lawful owners of a valid trademark registration for the logo. They argue that registration of the disputed logo creates a presumption of ownership. In response. Defendant contends that Plaintiffs' registration is invalid because it was procured by fraud.

3

The Lanham Act provides:

> A certificate of registration of a mark upon the principal register provided by this Act shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate.

15 U.S.C. § 1057(b); *see also* 15 U.S.C. § 1115(a); *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 10 (5th Cir. 1974) (registration of a trademark is prima facie evidence of ownership and exclusive right of use in commerce). But this presumption is subject to certain "defenses or defects," including "[t]hat the registration . . . was obtained fraudulently . . . ." 15 U.S.C. § 1115(b)(1). "To succeed on a claim of fraudulent registration, the challenging party must prove by clear and convincing evidence that the applicant made false statements with the intent to deceive the licensing authorities." *Meineke Discount Muffler v. Jaynes*, 999 F.2d 120, 126 (5th Cir. 1993).

Plaintiffs registered the logo on April 26, 2016. *See* Exhibit A to Complaint [1-2], *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. June 30, 2016), ECF No. 1-1. Dennis Pierce conveyed all shares of Pierce Realty, Inc. to his brother, Darian Pierce, on January 1, 2015 – prior to the registration of the logo. Exhibit B to Response at 14, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. July 3, 2017), ECF No. 52-2. It appears to be undisputed that Pierce Realty used the logo both before and after the transfer of ownership. Darian Pierce apparently believed that the logo was an asset of Pierce Realty. He testified: "100 percent of the assets of Pierce Realty went with Pierce Realty. That was the logo from the time it was born to a year and a

half before I owned it. . . . That logo was representative of Pierce Realty. It was an asset to Pierce Realty. And by those documents that are written, that was 100 percent mine." Exhibit D to Response at 14, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. July 3, 2017), ECF No. 52-4.

On his application for trademark registration, Dennis Pierce declared that "to the best of [his] knowledge and belief, . . . no other persons . . . have the right to use the mark in commerce . . . ." Exhibit G to Response at 6-7, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. July 3, 2017), ECF No. 52-7. But it is undisputed that Pierce Realty used the logo both before and after Dennis Pierce conveyed the company to Darian Pierce. And Dennis Pierce admitted that Darian Pierce was using the logo at Pierce Realty when he applied for trademark registration. Exhibit C to Response at 17-18, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. July 3, 2017), ECF No. 52-3.

Dennis Pierce's admission that he knew Darian Pierce was using the logo, *id.*, when combined with Darian Pierce's testimony that he purchased "100 percent of the assets of Pierce Realty," including the logo, Exhibit D to Response [52-4], at 14, is sufficient to create a genuine dispute of material fact as to whether Plaintiffs fraudulently procured trademark registration of the logo. *See Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.2d 1200, 1210-11 (11th Cir. 2008) (where applicant knew other parties used mark but did not disclose such information on application, district court did not err in inferring fraudulent intent). Therefore, the Court denies Plaintiffs' Motion for Summary Judgment [48] with respect to their request for a

5

declaratory judgment that they are the lawful owners of a valid trademark registration for the disputed logo.

Plaintiffs argue that Defendant lacks standing to challenge the validity of their registration because she has no damages. Indeed, the Lanham Act provides that a "petition to cancel a registration of a mark . . . may . . . be filed . . . by any person who believes that he is or will be damaged . . . by the registration of a mark on the principal register . . . ." 15 U.S.C. § 1064. But Defendant did not file a petition to cancel Plaintiffs' trademark. She asserted a copyright infringement counterclaim. Plaintiffs put the validity of their own registration in issue by seeking a declaratory judgment that it was valid. Defendant's lack of standing to seek cancellation is irrelevant to the disposition of that claim.

## B.   *Trademark Infringement*

Plaintiffs seek a declaratory judgment that they have not infringed upon any trademark rights of Defendant in the disputed logo. The elements of trademark infringement are: "(1) 'ownership in a legally protectible mark' and (2) 'infringement by demonstrating a likelihood of confusion.'" *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 723 (S.D. Miss. 2014) (quoting *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008)). Among other things, Plaintiffs argue that Defendant can not maintain an action for trademark infringement because she has never used the logo for a commercial purpose. In response, Defendant argues that she maintained rights in the logo as an implied licensor regardless of whether she used it in commerce.

6

The right to exclude others from using a trademark is limited. *Union Nat'l Bank v. Union Nat'l Bank*, 909 F.2d 839, 843 (5th Cir. 1990). Among other limitations, the owner of a trademark "cannot enjoin the use of their mark by others unless they can show that they are actually using the mark." *Id.* at 842 n. 8. Along the same lines, a trademark owner can not "exclude others in areas where he does not currently do business or is likely to do business in the future." *Id.* at 843 (citing *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 364-65 (2d Cir. 1959)). A trademark owner can not "enjoin others from using the mark if he has ceased to use it." *Id.* (citing *Exxon Corp. v. Humble Oil Exploration Co.*, 695 F.2d 96, 101 (5th Cir. 1983)). And a trademark owner can not "enjoin others from using the mark if the likelihood of confusion between his product and the infringer's is minimal or non-existent . . . ." *Id.* (citing *Amstar Corp. v. Domino's Pizza*, 615 F.2d 252 (5th Cir. 1980); *Sun Banks of Fla. v. Sun Fed. Sav. & Loan*, 651 F.2d 311 (5th Cir. 1981)). In summary, the Lanham Act "does not allow the preservation of a mark solely to prevent its use by others." *Exxon*, 695 F.2d at 101. A necessary element of a trademark infringement claim is that the infringement creates a likelihood of confusion between the rightful owner's use of the trademark and the infringer's use. *Smack Apparel*, 550 F.3d at 474.

It is undisputed that Defendant has never used the disputed logo for her own business. When directly asked if she had "ever utilized the . . . logo in association with a good or service that [she] offered . . . in commerce," she answered that she had only "used the . . . logo as an example of [her] ability to create a logo," and that it had "been in [her] portfolio" as an example of prior work. Exhibit B to Motion for Summary

7

Judgment at 36, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. June 2, 2017), ECF No. 48-2. She has never used it on her own business cards or as a logo for her own business. *Id.* While she claimed that family members would associate the logo with her, rather than Dennis Pierce, she admitted that "across the broad population," the logo is "more closely associated with PierCon, Inc. and Dennis Pierce, Inc." *Id.* at 36-37.

However, Defendant contends that she granted Dennis Pierce an implied revocable license to use the mark. She argues that his continued use of the logo after she revoked his license satisfies the "likelihood of confusion" element of trademark infringement. The Fifth Circuit has noted that the owner of a trademark may license others "to use the mark under its aegis and subject to proper control." *Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co.*, 514 F.2d 665, 668 (5th Cir. 1975). "Even if the parties intend no formal licensing agreement, in some circumstances the entire course of conduct between a trademark owner and an accused infringer may create an implied license." *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1076 (5th Cir. 1997).

But regardless of the existence of a licensing agreement, the "gist" of a trademark infringement action "lies in the likelihood of confusion to the public." *Prof'l Golfers Ass'n*, 514 F.2d at 670. Therefore, trademark protection exists both "to prevent a second user from utilizing the name or similar mark for goods or services substantially identical to those produced by the owner of the mark," *id.* at 669, and to prevent a false suggestion of "affiliation with the trademark owner in a manner likely to cause confusion as to source or sponsorship . . . ." *Id.* at 670. Continued use of a

trademark by one whose license has expired or been revoked constitutes trademark infringement to the extent that it creates a likelihood of confusion to the public. *Id.* at 669-70.

Here, Defendant has not demonstrated any likelihood of confusion to the public. She has never used the logo for a commercial purpose, and it does not appear that she has any intention of using it for a commercial purpose. The only reason she revoked the alleged implied license and filed a counterclaim for trademark infringement was to prevent Plaintiffs from using the logo. Therefore, the Court concludes that there is absolutely no likelihood of confusion to the public, and it grants Plaintiffs' motion for summary judgment insofar as they seek a declaratory judgment that they have not committed trademark infringement by using the disputed logo.

## C. *Copyright Infringement*

Plaintiffs argue that they are entitled to summary judgment as to Defendant's copyright infringement counterclaim. Among other things, Plaintiffs argue that Defendant can not maintain a claim of copyright infringement because she did not meet the required statutory prerequisites. Indeed, "no civil action for infringement of the copyright . . . shall be instituted until preregistration or registration of the copyright claim has been made in accordance with" the Copyright Act. 17 U.S.C. § 411(a). But "where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and the registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights." *Id.*

9

Defendant presented evidence that she submitted an application to the Copyright Office on August 22, 2016. *See* Exhibit A to Answer and Counterclaim, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. Aug. 22, 2016), ECF. No. 8-1. But the application contains no indication that she also delivered the filing fee, and she did not direct the Court to any other evidence that she paid the filing fee. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991) (receipt of filing fee could be inferred from testimony that Copyright Office cashed check). Moreover, Section 411(a) permits actions for copyright infringement of an unregistered work by those whose have delivered the "deposit, application, and fee" to the Copyright Office, and whose application "has been refused." 17 U.S.C. § 411(a). Defendant did not direct the Court to any evidence that her application had been refused. Therefore, she has not met the statutory prerequisites for a copyright infringement claim, and the Court grants Plaintiffs' motion for summary judgment as to Defendant's counterclaim.

### D.   *Damages*

Finally, Plaintiffs argue that an award of damages to Defendant would be inappropriate in this action. This issue is moot because insofar as the Court granted summary judgment as to Defendant's copyright infringement counterclaim.

### IV. CONCLUSION

For the reasons below, the Court **grants in part and denies in part** Plaintiffs' Motion for Summary Judgment [48]. The Court denies the motion as to Plaintiffs' request for a declaratory judgment that they own a valid trademark registration for the disputed logo. The Court grants the motion as to their request for a declaratory

10

judgment that they have not infringed Defendant's trademark rights, and as to Defendant's counterclaim for copyright infringement.

SO ORDERED AND ADJUDGED this  17th   day of August, 2017.


                                      s/Keith Starrett
                               UNITED STATES DISTRICT JUDGE