IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DENNIS PIERCE, INC.,** *et al.* **PLAINTIFFS**

v. CIVIL ACTION NO. 2:16-CV-102-KS-MTP

**LETITIA PIERCE,** *et al.* **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion for Reconsideration [58].

### I. BACKGROUND

This is a copyright/trademark case. Plaintiffs Dennis Pierce, Inc. ("DPI") and Piercon, Inc. have used a particular logo for over two decades – a green block "P" with the shape of a house as the cutout in the "P." Defendant Letitia Pierce created the logo. Plaintiffs are construction companies in the Hattiesburg, Mississippi area, and Defendant's brother, Dennis Pierce, owns Plaintiffs.

Defendant was employed by Plaintiffs in the mid-nineties. She had a variety of duties, but she encouraged her brother to incorporate a logo into the business's branding. Defendant eventually left her employment with Plaintiffs. The parties dispute when Defendant created the logo, and they dispute the degree of Dennis Pierce's participation in its creation. Regardless, Plaintiffs used the logo for over twenty years without any trouble. During this time period, the logo was also used in Dennis Pierce's real estate business, Pierce Realty, Inc.

In January 2015, Dennis Pierce transferred ownership of Pierce Realty to his brother, Darian Pierce. Darian Pierce continued to use the logo after the transfer of ownership. In July 2015, Plaintiffs filed an application with the United States Patent and Trademark Office ("USPTO") to trademark the logo. In April 2016, Plaintiffs received their USPTO registration of the logo and sent a cease-and-desist letter to Pierce Realty. When Defendant found out that Dennis Pierce had registered the logo with the USPTO, she sent her own cease-and-desist letter to Plaintiffs and demanded that they cancel the trademark registration. She later filed her own application for copyright registration with the United States Copyright Office.

Plaintiffs filed this declaratory judgment action. They seek a declaratory judgment that they are the rightful owners of the logo, that they are the rightful owners of a valid trademark registration, and that they did not infringe upon any trademark rights of Defendant. Defendant filed a counterclaim for copyright infringement.

Plaintiffs filed a Motion for Summary Judgment [1], which the Court granted in part and denied in part. Specifically, the Court denied the motion as to Plaintiffs' request for a declaratory judgment that they own a valid trademark registration for the disputed logo, but the Court granted the motion as to Defendants' request for a declaratory judgment that they have not infringed Defendant's trademark rights and as to Defendant's counterclaim for copyright infringement. Defendant filed a Motion for Reconsideration [58], which the Court now addresses.

## II. STANDARD OF REVIEW

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Defendant's Motion for Reconsideration [58] was filed within twenty-eight days of the entry of the Court's Memorandum Opinion and Order [57], and Rule 59 applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v.*

*Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

### III. DISCUSSION

**A.**     ***Payment of Copyright Filing Fee***

First, Defendant argues that the Court erred in holding that the record contains no evidence that she paid the filing fee to accompany her application for copyright registration. Defendant is correct. The record contains an e-mail receipt from Pay.gov demonstrating that Defendant's attorney remitted the $35.00 filing fee. *See* Exhibit I at 4, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. July 3, 2017), ECF No. 52-9.

As for the other arguments raised in Plaintiffs' Motion for Summary Judgment – that Defendant created the mark as a "work for hire," that Dennis Pierce was a "joint author" of the work, that the mark lacks the requisite creativity and originality to receive copyright protection, and that Defendant granted Dennis Pierce an irrevocable license to use the mark – the Court finds that there are genuine disputes of material fact that preclude summary judgment on these bases. Moreover, Plaintiffs cited no legal support for their "misuse of copyright" argument.

The Court grants Defendant's Motion for Reconsideration as to her copyright infringement counterclaim.

**B.**     ***Use of the Disputed Mark/Implied License/Likelihood of Confusion***

Next, Defendant argues that the Court failed to address her argument that Plaintiffs' use of the mark as an implied licensee inured to her benefit, satisfying the requirement that a trademark owner actually use a mark before she can enjoin its use

4

by others. Defendant is mistaken. The Court addressed this argument thoroughly in its previous order and remains of the opinion that continued use of a trademark by one whose license has expired or been revoked only constitutes trademark infringement to the extent it creates a likelihood of confusion to the public. *See Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co.*, 514 F.2d 665, 668 (5th Cir. 1975).

Defendant correctly notes that the Fifth Circuit has held that "the Lanham Act definitely contemplates that a trade or service mark may be acquired through its use by controlled licensees, even though the registrant itself may not have used the mark." *Turner v. H M H Publ'g Co.*, 380 F.2d 224, 229 (5th Cir. 1967). But in *Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co.*, 514 F.2d 665 (5th Cir. 1975) – a more recent case – the Fifth Circuit's analysis was more nuanced. The defendant had enjoyed a license to use the PGA's trademark in connection with certain real estate developments. *Id.* at 667. After the license expired, the defendant continued to use the mark in connection with a golf club. *Id.* at 670.

The Fifth Circuit noted that "direct competition" was not a required element of trademark infringement. *Id.* at 669. "[R]ather, the gist of the action lies in the likelihood of confusion to the public." *Id.* Therefore, "falsely suggesting affiliation with the trademark owner in a manner likely to cause confusion as to source or sponsorship constitutes infringement." *Id.* at 670. "A former licensee cannot mislead the public into believing that its affiliation continues once the licensing arrangement has ceased. For once the contract ends, a licensee's right to the mark ends, and any subsequent use

5

constitutes infringement." *Id.*

The Court noted the PGA's history and national reputation. *Id.* It held that the PGA had "established that the public would likely continue to associate the club with the organization so long as the facility bore the title 'PGA Country Club,' or any similar designation containing the three initials." *Id.* Therefore, the defendant's "activities [bore] all the earmarks of trademark infringement . . . ." *Id.* at 671.

In her briefing, Defendant focused on a single sentence from the Fifth Circuit's analysis in an attempt to proof-text her argument. But she ignored the underlying rationale that the "gist of [a trademark infringement] action lies in the likelihood of confusion to the public." *Id.* at 669. Here, there is absolutely no danger of confusing the public. Plaintiffs' use of the trademark does not "falsely suggest[] affiliation with" Defendant "in a manner likely to cause confusion as to source or sponsorship . . . ." *Id.* at 670. Defendant does not use the disputed mark. She has never used it, and she has no intention of using it. The only reason she revoked the alleged license and filed a counterclaim for copyright infringement – by her own admission – was to prevent Plaintiffs from using it. She admitted that no one outside her family would associate the mark with her. In short, she presented no evidence that Plaintiff's use of the mark created a likelihood of confusion with the public.

The Court denies Defendant's Motion for Reconsideration as to Plaintiffs' request for a declaratory judgment that they have not infringed on Defendant's trademark rights.

## IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendant's Motion for Reconsideration [58]. The Court grants the motion as to Defendant's copyright infringement counterclaim, but the Court denies the motion as to Plaintiffs' request for a declaratory judgment that they have not infringed on Defendant's trademark rights.

SO ORDERED AND ADJUDGED this 12th day of September, 2017.

                                          /s/ Keith Starrett
                                      KEITH STARRETT
                                      UNITED STATES DISTRICT JUDGE