IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DENNIS PIERCE, INC.,** *et al.*                                                       **PLAINTIFFS**

**v.**                                                **CIVIL ACTION NO. 2:16-CV-102-KS-MTP**

**LETITIA PIERCE,** *et al.*                                                           **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

The Court discussed the factual background of this case in a previous order. *See Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP, 2017 WL 3567528, at *1 (S.D. Miss. Aug. 17, 2017). It held a jury trial in this matter on November 7-8, 2017. The jury returned a verdict in Plaintiffs' favor as to Defendant's counterclaim of copyright infringement. *See* Jury Verdict at 1, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. Nov. 9, 2017), ECF No. 84.

Plaintiffs filed a Motion for Attorney's Fees [87] and a Bill of Costs [86]. Defendant opposes the Motion [91] for fees and certain aspects of the Bill of Costs [92]. For the reasons below, the Court **denies** the Motion for Attorney's Fee's [87] and **sustains in part and overrules in part** Defendant's objections [92] to Plaintiffs' Bill of Costs [86].

*A.     Motion for Attorney's Fees [87]*

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs," and it "may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The statute grants the Court "broad leeway" in

awarding fees. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016). However, the Supreme Court placed two key restrictions on the Court's discretion. First, the Court may not "award attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment." *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). Second, "a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.*

The Supreme Court also "noted with approval several nonexclusive factors to inform a court's fee-shifting decisions: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* The Court should place "substantial weight" on the objective reasonableness factor, but it should also give "due consideration" to the other factors. *Id.* at 1983. Even if a losing party advances a reasonable claim or defense, the Court may still award fees in light of the other factors. *Id.* "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of [these] considerations." *Fogerty*, 510 U.S. at 534.

In many respects, this case was a classic "he-said, she-said" situation. Letitia Pierce claimed that she created the disputed logo without Dennis Pierce's input;

Dennis Pierce claimed that he substantially contributed to its creation. Letitia Pierce claimed that Dennis Pierce's companies used the logo with her permission; Dennis Pierce claimed that Letitia Pierce created it as a work for hire. The parties did not even agree on basic facts such as when Dennis Pierce started using the logo, who came up with the general idea to create a logo, or when the disputed logo was created. With so many basic facts in contention and the parties providing such divergent, contentious testimony at trial, the Court can not conclude that Ms. Pierce's copyright infringement counterclaim was frivolous or objectively unreasonable.

As for motivation, the Court does not believe that either party has clean hands, and it is not inclined to award fees on this basis. Regardless of the legal technicalities and outcome, Dennis and Letitia Pierce literally made a federal case out of their family squabbles. Fueled by spite, bitterness, ego, and years of acrimony, the parties turned this Court into a forum for their dirty laundry. The Court is not inclined to award either party in these circumstances.

"[C]opyright law ultimately serves the purpose of enriching the general public through access to creative works." *Kirtsaeng*, 136 S. Ct. at 1986. The general public is not enriched by family members using federal copyright law as a means of harassing one another. In that respect, the Court does not believe considerations of compensation and deterrence are particularly applicable here, in light of the unique situation and, in the Court's opinion, the unclean hands on both sides of the case. The Court denies Dennis Pierce's motion for attorney's fees.

**B.    *Bill of Costs***

Rule 54 permits the Court to award costs to the prevailing party. FED. R. CIV. P. 54(d)(1). Congress limited the recoverable costs to certain categories. *See* 28 U.S.C. § 1920. The Court "may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). "[C]ourts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates. Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), *overruled on other grounds*, 790 F.2d 1174 (5th Cir. 1986). However, there is "a strong presumption that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumtion since denial of costs is in the nature of a penalty." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010).

Plaintiff filed a Bill of Costs for $2,807.13. Defendant made several objections to the Bill of Costs, which the Court now addresses.

*1.   Deposition Costs*

First, Defendant argues that Plaintiffs provided inadequate justification for costs associated with depositions. Plaintiffs requested $1,823.50 for depositions of Darian Pierce, Elisa Pierce Collins, Letitia Pierce, and Jeffery Aker, and the deposition transcripts of Ted Chandler and Dennis Pierce.

The Fifth Circuit provided the following summary of the law governing recovery

4

of costs for deposition transcripts:

> [P]revailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were "necessarily obtained for use in the case." Although some courts have disagreed, we have consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case." If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs. Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court.

*Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) (citations, punctuation, footnotes omitted). The party seeking an award of costs bears the burden of proof. *Copper Liquor*, 684 F.2d at 1099.

Dennis Pierce, Letitia Pierce, and Elisa Pierce Collins all testified at trial. Therefore, taking their depositions and obtaining transcripts was necessary for trial preparation. Indeed, Dennis Pierce and Letitia Pierce are the parties to this litigation, and it was always certain that they would testify at trial. The transcript of Ted Chandler's deposition was actually read into the record at trial. Therefore, the Court concludes that it was also obtained in preparation for trial. Also, Defendant identified Letitia Pierce, Dennis Pierce, Elisa Collins, and Ted Chandler as "will call" witnesses at trial. *See* Pretrial Order at 13, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. Oct. 24, 2017), ECF No. 71. Defendant listed Darian Pierce as a "may call" witness, *id.*, and it was reasonable for Plaintiffs to expect his testimony as to whether the sale of Pierce Realty, Inc. included the disputed logo. Therefore, the Court

will award Plaintiffs the cost of depositions and transcripts for Dennis Pierce, Letitia Pierce, Elisa Pierce Collins, Darian Pierce, and Ted Chandler.

The Court does not know who Jeffrey Aker is or how he is connected to this case. In support of their request for costs for Aker's deposition and transcript, Plaintiffs only state that Aker was identified in Defendant's Supplemental Initial Disclosures as a person likely to have discoverable information. The Fifth Circuit has held that the Court may not award costs for depositions taken "merely for discovery." *Fogleman*, 920 F.2d at 285. Rather, they must "reasonably be expected to be used in trial preparation." *Id.* Plaintiffs have not demonstrated that they reasonably expected to use Aker's deposition at trial. Therefore, the Court disallows $251.75 of the requested $1,823.50 for depositions and transcripts. *See* Bill of Costs at 21, *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102-KS-MTP (S.D. Miss. Dec. 21, 2017), ECF No. 86.

### 2. *Private Service of Subpoenas*

Defendant objects to Plaintiffs' request for $240.00 for private process servers. In response, Plaintiffs withdrew the request. Therefore, the Court sustains Defendant's objection to $240.00 for private process servers.

### 3. *Copying and PACER Charges*

Plaintiffs' requested $196.50 for copying and PACER charges. Defendant objected to the request for PACER charges because such costs are not specifically enumerated in 28 U.S.C. § 1920. Defendants objected to the copying costs because Plaintiffs did not demonstrate that the copies were necessary for use at trial in presenting evidence to the Court. In response, Plaintiffs withdrew their request for

PACER charges and withdrew all but $51.80 of their requested copying costs. Therefore, the Court sustains Defendant's objection to the PACER charges and withdrawn copying costs.

As for the remaining $51.80 of copying costs, Plaintiffs represented that they were incurred in the days leading up to trial and on the day trial began. Plaintiffs note that the Court required all exhibits to be pre-marked and required the parties to provide three copies of the exhibits – one each for the record, the undersigned judge, and the law clerk. The Court is satisfied that these copying costs were necessarily incurred for use at trial. Therefore, the Court overrules Defendant's objection with respect to them.

4.  *Summary*

Plaintiffs requested $2,807.13 in costs. The Court sustained Defendant's objections to $636.45 of the requested costs.[1] Therefore, the Court awards Plaintiffs $2,170.68 in costs.

C.  *Conclusion*

For the reasons below, the Court **denies** the Motion for Attorney's Fee's [87]. The Court also **sustains in part and overrules in part** Defendant's objections [92] to Plaintiffs' Bill of Costs [86] and awards Plaintiffs $2,170.68 in costs.

SO ORDERED AND ADJUDGED this 6th day of April, 2018.

---

[1] $251.75 (Akers deposition) + $240.00 (process servers) + $144.70 (copying and PACER charges) = $636.45

  /s/ Keith Starrett
  KEITH STARRETT
  UNITED STATES DISTRICT JUDGE